# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION | MDL NO.: 2:18-MN-2873-RMG<br><br>**DEFENDANT HAYDEN & COMPANY'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES**<br><br>This filing relates to:<br>2:19-cv-00990-RMF |

## DEFENDANT HAYDEN & COMPANY'S GENERAL DENIAL AND PRELIMINARY STATEMENT OF AFFIRMATIVE DEFENSES

Defendant Hayden & Company ("Hayden") submits this General Denial and Preliminary Statement of Affirmative Defenses in response to the Amended Complaint in the above referenced action (the "Complaint") and any future complaints which have been or may be filed by any Plaintiff or Third-Party Plaintiff ("Plaintiffs") against Hayden in the above-captioned MDL. Hayden asserts the below defenses subject to further factual development and amendment. This General Denial and Preliminary Statement of Affirmative Defenses does not waive Hayden's right to separately fully answer the Complaint or otherwise plead or move in response thereto in accordance with applicable orders of the Court.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Hayden denies generally and specifically each and every allegation set forth in the Plaintiffs' Complaints, and the whole thereof, and each and every alleged cause of action therein, and Hayden demands strict proof of same by a preponderance of the evidence and/or by clear and convincing evidence as required by

1

law. Hayden further denies that Plaintiffs have sufficiently alleged grounds upon which any relief could be granted. Hayden further denies that Plaintiffs have sustained damages in any sums alleged, or any sums at all, or are entitled to relief of any type, by reason of any act, breach, or omission on the part of Hayden or anyone acting on Hayden's behalf. Hayden reserves its rights to assert cross-claims and/or third-party claims.

## AFFIRMATIVE DEFENSES

Hayden asserts the following affirmative defenses in response to the averments in each of the Plaintiffs' Complaints:

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Hayden.

2. The court in which the action was filed, or which Plaintiffs have designated as the "Home Venue," lacks personal jurisdiction over Hayden, and the Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred or limited for lack of standing.

4. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations.

5. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of repose.

6. The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

7. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Hayden is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.,* 487 U.S. 500 (1988).

8. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

9. The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and/or customers and claims brought as *parens patriae.*

10. Plaintiffs' claims are not ripe and/or have been mooted.

11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

12. Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13. Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14. Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15. Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

16. Any injuries and/or damages sustained by Plaintiffs have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Hayden had no control or right of control and for whom Hayden is not responsible.

17. Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

18. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Hayden's products were unforeseeably misused or altered.

19. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

20. Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover herein.

21. Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

22. Plaintiffs' claims are or may be barred, in whole or in part, insofar as any products sold by Hayden were designed, tested, and manufactured in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23. Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by

4

Defendants that are the subject of Plaintiffs' claims. Hayden is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance, documents, notice, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. §9613(h).

27. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

28. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, because Plaintiffs did not provide Hayden with reasonable notice of any alleged breach.

29. Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

30. Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendants, and in the event that Hayden is found to be liable to Plaintiffs, Hayden will be entitled to indemnification, contribution, and/or apportionment from such other entities or persons.

31. Hayden asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found

against Hayden based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

32. Plaintiffs' claims against Hayden are barred or limited by the economic loss rule.

33. Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

34. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35. Plaintiffs' claims are barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

36. Plaintiffs' claims are barred, in whole or in part, under the free public services doctrine or municipal cost recovery rule.

37. Plaintiffs' claims for trespass or nuisance are barred, in whole or in part, because any alleged trespass or nuisance was unintentional, unforeseen, a necessity, and/or *de minimus* and therefore non-compensable.

38. Plaintiffs' claims are barred, in whole or in part, because there was no alternative feasible design for the products at issue during the relevant time period.

39. Plaintiffs' claims are barred, in whole or in part, because there is no privity between Plaintiffs and Hayden.

40. Plaintiffs' claims are barred, in whole or in part, as constituting claim-splitting.

41. Plaintiffs' claims are barred, in whole or in part, because Hayden at all relevant times exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

42. Plaintiffs' claims for punitive or exemplary damages are barred or limited to the extent they violate Hayden's due process and equal protection rights under the United States Constitution and applicable state law, to the extent they violate the excessive fines provisions of the United States Constitution and applicable state law, to the extent they place an impermissible burden on interstate commerce, to the extent they violate the Contract Clause of Article I, Section 10, and to the extent they violate the constitutional prohibition against vague and overbroad laws.

43. Punitive damages are not available because Hayden neither knew nor should have known that the materials at issue were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Hayden therefore lacked notice that its conduct was unlawful or subject to punishment, such that an award of punitive or exemplary damages would violate Hayden's constitutional due process rights.

44. Plaintiffs' claims are barred, in whole or in part, insofar as the constitutional guarantee of due process prevents the retroactive imposition of liability for alleged acts and/or omissions that were in compliance with applicable laws at the time such alleged acts and/or omissions occurred.

45. Hayden denies any negligence, culpable conduct, or liability on its part but, if it ultimately is found liable for any portion of Plaintiffs' alleged damages, Hayden shall only be liable for its equitable share.

46. Hayden denies any liability, but in the event it is found to have any liability to Plaintiffs, Hayden is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and/or expenses alleged in the Complaints; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaints; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

47. Hayden cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Hayden.

48. Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) sold or distributed by Hayden.

49. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) sold, distributed or otherwise attributable to Hayden.

50. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing Plaintiffs' alleged injuries.

51. Plaintiffs' claims are barred, in whole or in part, because Hayden acted reasonably and in good faith.

52. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and Hayden may not be held liable under retroactive theories not requiring proof of fault or causation.

53. Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Hayden cannot be held responsible.

54. Plaintiffs' claims for strict liability are barred because of the principles embodied in Section 402A of the Restatement (Second) of Torts and its comments.

55. Plaintiffs' claims are barred by consent.

56. Any damages Plaintiffs may have suffered were not reasonably foreseeable by Hayden at the time of the alleged conduct.

57. Hayden reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

58. Hayden adopts by reference any additional applicable defense(s) pleaded by any other defendants not otherwise pleaded herein, including, without limitation, prior to transfer in any case transferred to this MDL.

Hayden does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are plead in the alternative and none constitutes an admission that Hayden is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Hayden reserves its rights to (i) rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might

9

control the relevant action, (ii) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), (iii) rely upon any other defenses that may become apparent during fact or expert discovery in this matter, and (iv) to amend this document to assert any such defenses.

Dated:  January 20, 2021                              Respectfully submitted,

Neil M. Rosenbaum, Esq.                               **Defendant Hayden & Company**
nrosenbaum@fvldlaw.com
**FUNKHOUSER VEGOSEN**
**LIEBMAN & DUNN LTD.**
55 West Monroe Street, Suite 2300                     By:     /s/Neil M. Rosenbaum
Chicago, Illinois 60603                                       One of its attorneys
Tel.    (312) 701-6800
Fax:    (312) 701-6801

*Counsel for Defendant Hayden & Company*